UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN RAWLS,

        Plaintiff,

v.                                                  Case Number 09-12365
                                                         Honorable David M. Lawson

OFFICER LYNCH and K SHEETS,

        Defendants.
_____/

## ORDER DENYING MOTION TO ALTER JUDGMENT

On October 15, 2009, the Court denied the plaintiff's application to proceed on appeal without prepayment of fees. The Court initially denied the plaintiff *in forma pauperis* status in this Court after determining that more than three of the plaintiff's previous complaints had been dismissed as frivolous. Presently before the Court is the plaintiff's motion to alter judgment. The Court will construe this as a motion to reconsider.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

A prisoner may not appeal a judgment in a civil action without prepayment of the applicable fees and costs if the prisoner has, on three or more prior occasions, brought a federal action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim on which relief may be

granted. 28 U.S.C. § 1915(g). An exception exists when the prisoner is in "imminent danger of serious physical injury." *Id*. The Court determined that more than three of the plaintiff's previous complaints had been dismissed as frivolous, *see Rawls v. Williams, et al.*, No. 93-00924 (W.D. Mich. May 4, 1994); *Rawls v. Greer, et al.*, No. 93-00186 (W.D. Mich. Jan. 28, 1994); *Rawls v. Hogle*, No. 93-00187 (W.D. Mich. Jan. 10, 1994); *Rawls v. Williams*, No. 93-00188 (W.D. Mich. Jan. 10, 1994); *Rawls v. Williams, et al.*, No. 94-00131 (W.D. Mich. Aug. 26, 1994); *Rawls v. Kruger, et al.*, No. 95-00103 (W.D. Mich. July 5, 1995), and that the plaintiff had failed to allege facts that demonstrated imminent injury. Thus, the Court concluded that the "three strikes" provision applied to the plaintiff's present suit, requiring him to pre-pay the entire filing fee.

In his motion, the plaintiff merely states that he "is not under three strike [due] to the fact that he did not waive or exhaust his appeal." He suggests that the Court's determination that the "three strikes" provision of the Prison Litigation Reform Act of 1995 (PLRA) applied to him "could be wrong" because "some of his civil action was dismiss[ed] under sec. 1983." This allegation does not demonstrate a palpable defect, because the PLRA applies to all lawsuits brought by the prisoner, including those brought under 42 U.S.C. § 1983. Therefore, the Court was correct to consider these lawsuits in determining whether the "three strikes" provision applied to the plaintiff. Since the plaintiff has failed to demonstrate a palpable defect in the Court's ruling, the Court will deny his motion.

Accordingly, it is **ORDERED** that the plaintiff's motion to alter judgment [dkt # 10] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: November 9, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2009.

        s/Teresa Scott-Feijoo
        TERESA SCOTT-FEIJOO